F I L E D
United States Court of Appeals
Tenth Circuit

**FEB 23 2000**

**PATRICK FISHER**
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JAMES ARLEN CHILDS,

      Petitioner-Appellant,

v.

ARISTEDES W. ZAVARAS,
Executive Director/Colo; HOYT A.
BRILL, PCF; ATTORNEY GENERAL
OF THE STATE OF COLORADO,

      Respondents-Appellees.

No. 99-1367

(D.C. No. 98-WM-2148)

(D.Colo.)

ORDER AND JUDGMENT  *

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

James Childs, a Colorado state prisoner appearing pro se, seeks a certificate

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Because we conclude Childs has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability and dismiss the appeal.

I.

In 1987, Childs was convicted in Colorado state court of second-degree burglary and second-degree sexual assault, and sentenced to consecutive terms of imprisonment of thirty-two and sixteen years. Childs filed a direct appeal claiming the trial court abused its sentencing discretion under Colorado law. On October 19, 1989, the Colorado Court of Appeals rejected Childs' arguments and affirmed the sentences. Although Childs filed a petition for certiorari with the Colorado Supreme Court, the petition was stricken on September 27, 1990, for failure to comply with applicable procedural rules.

Childs first sought post-conviction relief in state court in 1991 when he filed a motion pursuant to Colo. R. Crim. P. 35, arguing that (1) his convictions violated the constitutional prohibition against double jeopardy in that one offense was the lesser included offense of the other, and (2) the consecutive sentences imposed upon him violated Colo. Rev. Stat. § 18-1-408(3), which prohibits consecutive sentences for offenses that "are supported by identical evidence."

2

The state district court denied Childs' motion on April 13, 1992. Childs appealed to the Colorado Court of Appeals, which affirmed the district court's decision on February 18, 1993. The Colorado Supreme Court denied Childs' petition for certiorari on August 23, 1993.

Childs filed a second Rule 35 motion in state district court in 1993, arguing that (1) the trial court abused its sentencing discretion, and (2) the imposition of consecutive sentences violated Colorado law. The state district court denied Childs' motion on the merits on October 31, 1995. Childs' appeal of that decision was dismissed by the Colorado Court of Appeals on May 28, 1996, and the mandate issued on June 13, 1996.

Childs filed a third Rule 35 motion in state district court on May 8, 1997, arguing that his sentences were imposed in violation of his due process rights because the trial court (1) failed to sentence him based on accurate information, and (2) failed to consider the factors set forth in Colo. Rev. Stat. § 18-1-105(1)(b) and (9)(a) prior to imposing a sentence in the presumptive range. The state district court summarily denied Childs' motion, concluding it lacked "any arguable merit." Childs appealed to the Colorado Court of Appeals, which affirmed the denial of Childs' motion on July 23, 1998, and the mandate issued on August 13, 1998.

Childs filed his federal habeas petition on October 6, 1998, asserting that

3

(1) his convictions and sentences violated the Double Jeopardy Clause of the Fifth Amendment, (2) consecutive sentences for second degree burglary and second degree sexual assault were not authorized by the Colorado legislature, and (3) his sentences were imposed in violation of his due process rights because they were based on "inaccurate information." The case was referred to a magistrate judge who, in a thorough report and recommendation, concluded the case was both untimely and without merit. The district court adopted the recommendation and dismissed the case. Childs' motion for relief from judgment was denied. Childs subsequently filed a notice of appeal, a request for a certificate of appealability (COA), and a motion for leave to proceed in forma pauperis on appeal. The district court denied the request for a COA and the motion for leave to proceed in forma pauperis on appeal. Childs has renewed those requests in this court.

II.

On April 24, 1996, Congress amended what had been "the long-standing prior practice in habeas corpus litigation that gave a [state] prisoner virtually unlimited amounts of time to file a habeas petition in federal court," and "established a one-year period of limitations for [federal] habeas petitions." Hoggro v. Boone, 150 F.3d 1223, 1224 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). By statute, the one-year period of limitations generally begins running from "the date on which the judgment became final by the conclusion of

4

direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For prisoners whose convictions became final prior to April 24, 1996, however, the new "one-year statute of limitations does not begin to run until April 24, 1996." Hoggro, 150 F.3d at 1225; United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997).

The one-year period of limitations can be tolled by ongoing post-conviction litigation in state court. See Hoggro, 150 F.3d at 1226. In particular, 28 U.S.C. § 2244(d)(2) provides "[t]he time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year period of limitation. We have also indicated the one-year period of limitations "may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S.Ct. 210 (1998).

The district court in this case concluded, and we agree, that Childs' federal habeas petition was untimely. Because Childs' convictions and sentences became final well prior to the enactment of the AEDPA, his one-year period of limitations for filing a federal habeas petition began running on April 24, 1996. From that date through June 13, 1996, the limitations period was tolled due to the pendency of Childs' second application for post-conviction relief. The limitations period then ran unabated until May 8, 1997, when Childs filed his third application for

5

post-conviction relief in state court. The limitations period was also tolled during the pendency of his third application, from May 8, 1997, through August 13, 1998. The limitations period began running again and expired on September 21, 1998[1], approximately seventeen days prior to the filing of Childs' federal habeas petition.

We further agree with the magistrate judge that, because of deficiencies in the record, the "mailbox rule" announced in Houston v. Lack, 487 U.S. 266, 270-72 (1988), cannot save Childs' petition. As the magistrate court noted, Childs' third application for post-conviction relief bears a certificate of service stating that it was mailed on April 23, 1997. Assuming, arguendo, that was the date Childs in fact placed his application in the prison mail system, the AEDPA statute of limitations would be tolled an additional fifteen days (two days short of the time needed to make Childs' federal habeas petition timely). However, there is no evidence in the record and Childs has made no allegations regarding when he placed his federal habeas petition in the prison mail system. Thus, we are unable to apply the "mailbox rule" to the filing of that pleading.

Even assuming, *arguendo*, that Childs placed his federal habeas petition in the prison mail system two or more days prior to the date it was actually filed in

---

[1] Although the one-year period actually ended on Saturday, September 19, 1998, Childs would have had until the following Monday, September 21, 1998, to file his petition.

federal court, and that application of the "mailbox rule" would thus render his petition timely, we find no merit to the arguments asserted in his petition. It is abundantly clear, as the Colorado Court of Appeals concluded in rejecting Childs' first application for post-conviction relief, that second-degree burglary and second-degree sexual assault, as defined under Colorado law, are not the "same offense" for purposes of the Double Jeopardy Clause. In particular, each offense "requires proof of a fact which the other does not."[2] Blockburger v. United States, 284 U.S. 299, 304 (1932); see also Lucero v. Kerby, 133 F.3d 1299, 1316 (10th Cir.) (asserting that federal court in habeas corpus proceeding should defer to state court's determination of separate offenses for double jeopardy purposes), cert. denied, 523 U.S. 1110 (1998). Childs' second claim, that consecutive sentencing for his offenses was not authorized by the Colorado legislature, asserts only a violation of state law and does not merit federal habeas relief. See

---

[2] The magistrate judge, in her report and recommendation, outlined the essential elements of each offense:

> The elements of second-degree burglary (a class 3 felony) are (a) knowingly (b) breaking an entrance into or entering or remaining unlawfully (c) in a dwelling (d) with intent to commit therein a crime against person or property. COLO. REV. STAT. § 18-4-203. The elements of second-degree sexual assault (a class 4 felony) are (a) knowingly (b) inflicting sexual intrusion or sexual penetration, and (c) causing the submission of the victim by means of sufficient consequence reasonably calculated to cause submission against the victim's will. COLO. REV. STAT. § 18-3-403.

ROA, Doc. 23, at 14.

7

Smallwood v. Gibson, 191 F.3d 1257, 1275 (10th Cir. 1999) (noting that federal habeas review "is limited to violations of constitutional rights"). Childs' claim that his sentences were imposed in violation of his due process rights because they were based on "inaccurate information" is procedurally barred. In particular, Childs first presented this argument, couched only as a violation of state law, in his direct appeal. He reasserted the same argument in his second application for post-conviction relief. Only in his third application for post-conviction relief did he attempt to couch it as a constitutional claim. The Colorado Court of Appeals concluded Childs' constitutional argument was procedurally barred because it was both untimely under Colo. R. Crim. P. 35(b), and an attempt to relitigate an issue that had previously been raised and resolved in his direct appeal. In light of this disposition, and because Childs has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice, we conclude the issue is procedurally barred for purposes of federal habeas review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

8

Childs' motion to compel the court to exercise its authority is GRANTED. We GRANT the motion to proceed in forma pauperis, DENY the application for certificate of appealability, and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

9